[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION IN LIMINE
The defendant filed a motion in limine dated June 21, 2000 seeking to preclude the plaintiffs expert witnesses from testifying at trial. The court, after hearing argument on the defendant's motion and the plaintiffs objection to it, deferred judgment on two of the defendant's three requests until the time of trial. This decision addresses only the defendant's motion to preclude testimony from Wiss, Janney, Elstner Associates, Inc. (hereafter Wiss Janney) The defendant claims that the plaintiff wrongfully withheld the Wiss Janney report despite two freedom of information requests and discovery requests. The plaintiff claims that the town did not have possession of the report until March 28, 2000 and it forwarded a copy to the defendant on March 31, 2000.
The plaintiff argues in its brief that the town did not intentionally withhold the report from the defendant. The plaintiff further argues that the defendant had notice of Wiss Janney' s involvement and of its report on April 19, 1999 when the defendant examined and copied the files of the town's architect. The report, however, was not included in the records provided to the defendant for examination. The town has stated through Peter Lozis, Director of Public Works for the Town of Manchester, that the Wiss Janney report was prepared primarily for the purpose of this anticipated litigation. Mr. Lozis further stated that the town specifically requested that the architect retain possession of the report because it did not want to be obligated to disclose it pursuant to a freedom of information request. [affidavit of Peter Lozis dated July 27,CT Page 95262000; It should be noted that Mr. Lozis testified in his deposition on March 24, 2000 that he did not know the whereabouts of the report.]
The Wiss Janney report, which was, according to the town, prepared specifically for use in this litigation, was not divulged until March 31, 2000. The report is dated November 26, 1997 and this litigation was commenced in June 1998. Trial in this case is scheduled to commence on October 31, 2000 and has been so scheduled since September 1999. On August 6, 1999, the defendant served upon the plaintiff a Request for Production asking for "any and all records constituting, evidencing or otherwise pertaining to reports, studies or analyses prepared for the benefit of Manchester or the architect or others (whether prepared in-house or by an expert or outside consultant) running to any design or work performed on the Project, including any modifications, revisions or repairs." The plaintiff did not object to his request and the Wiss Janney report was not furnished to the defendant. The defendant, not knowing of the existence of the report, did not question the town representatives about it in their depositions.
The court finds that the town intentionally withheld the report from the defendant. The report was always within the control of the town. [This is illustrated by the ease with which the town obtained the report and furnished it to the defendant. The defendant requested the report immediately upon learning of its existence and the town furnished it within a week.] The fact that the town did not have physical possession of the report does not relieve the plaintiff of its discovery obligations. Upon the defendant's request for this information, the plaintiff had an affirmative obligation to disclose the existence of this report and furnish a copy to the defendant. This the town did not do. The defendant's motion in limine is granted as to the Wiss Janney report.
BISHOP, J.